UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CASE NO. 22-105-DCR

UNITED STATES OF AMERICA                                              PLAINTIFF

V.            **UNITED STATES' SENTENCING MEMORANDUM**

KEVIN DANIEL LENTZ                                                    DEFENDANT

\* \* \* \* \*

The Defendant pleaded guilty to using a nine-year-old victim to create multiple sexually explicit images or videos, in violation of 18 U.S.C. § 2251(a), and to possessing numerous sexually explicit images of minors that he obtained from the internet, in violation of 18 U.S.C. 18 U.S.C. § 2252(a)(4)(B). [R. 17: Plea Agreement.] The Presentence Report calculates that the Defendant's guideline range of imprisonment is 360 months to life. [PSR ¶ 63.] However, the statutory maximums for the Defendant's crimes are 360 months imprisonment for Count 1 and 240 months for Count 2; therefore, the applicable guideline range is 360 to 600 months of imprisonment. *Id*. For the reasons set forth below, the United States requests a sentence within the guideline range to achieve the sentencing objectives of 18 U.S.C. §3553(a).

A substantial sentence is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. §

3553(a)(2)(A). In this case, Lentz committed two significant separate crimes involving the sexual exploitation of children. Either would be horrific in isolation. When taken together, however, the seriousness of the offenses are amplified.

First, Lentz pleaded guilty to enticing a nine-year-old victim to produce sexually explicit images of himself and transmit the images via the internet. Lentz found this child on the internet and almost immediately began a sexually charged discussion. Lentz sent the child 85 videos of adult pornography and five videos and four pictures of Lentz's penis or Lentz masturbating. At Lentz's request, the victim sent Lentz six videos and three pictures of the victim's penis or the victim masturbating. Lentz also instructed the victim, on multiple occasions, to delete the chats, videos, and images.

Lentz took advantage of a vulnerable child that did not have the maturity to understand the consequences of the conduct Lentz requested. The victim will live with the impact of this crime for the remainder of his life. This is particularly true because the images were transmitted via the internet. *See New York v. Ferber*, 458 U.S. 747, n.10 (1982) ("Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place.) Although there is currently no evidence the images were distributed by Lentz, the risk remains present.

Secondly, Lentz also pleaded guilty to possessing sexually explicit images and videos of prepubescent children he obtained via the internet. These images included graphic depictions of children being sexually assaulted, including young boys being anally raped. In total, law enforcement was able to determine 995 images and two video files contained children that have previously been identified. These images constituted

2

material from 40 separate series of child pornography images. Significantly, the children whose images Lentz received via the internet will continue to be revictimized long after their sexual assaults are over because individuals like Lentz obtain sexual pleasure by viewing their sexual assault.

The effects of Lentz's crimes are not limited to the victims of the offenses of conviction. The parents of his production victim will forever grapple with the effects of knowing their child was victimized while seemingly safe in their home. Moreover, there is a societal harm caused by Lentz's conduct. "As victimized children reach adulthood, they often struggle to develop healthy relationships, and to find their place in society. In this way, their burdens are shared by all." *United States v. Faulkner*, 926 F.3d 266, 272 (6th Cir. 2019) (citations omitted).

A substantial sentence is also required to "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). While Lentz does not have a criminal history, the ongoing nature of Lentz's conduct demonstrates a sustained sexual interest in children. This is particularly concerning given that, prior to the discovery of his criminal conduct, Lentz continued to place himself in situations that put him in proximity to children. Lentz was employed as a teacher, a job that put him in contact with children daily. Moreover, Lentz volunteered with the youth program at his church. Although there is no current evidence that Lentz victimized children through these positions, he appears to have placed himself in positions where that could be possible.

A substantial sentence is also needed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A sentence of imprisonment within the applicable

guideline range would be a clear warning to others considering similar conduct. "General deterrence is crucial in the child pornography context." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). Although producers, traders and collectors of child sexual abuse material may have a compulsion for this material, they may still be deterred by law enforcement. Learning of Lentz's substantial sentence will perhaps reduce the abuse of children by others in this district who would consider producing, receiving, distributing, or possessing such material. *See United States v. Widmer*, 511 F. App'x 506, 511-12 (6th Cir. 2013) ("sentence was necessary to send a signal to would-be offenders that receipt of child pornography carries significant consequences").

Finally, any sentence should consider the need for "restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). The representative for the production victim in this case and Lentz have reached an agreed proposed restitution amount of $25000. This amount reflects a good faith effort to predict the future counseling costs of the victim. Although the victim's current counseling expenses are paid by insurance, both parties agree it is likely that the need for counseling for the victim will extend into adulthood and that he is entitled to restitution for these future expenses. Moreover, the victim of one series of images that were possessed by Lentz has submitted a request for restitution of $5,000. The United States would ask the court to order these amounts of restitution at the time of sentencing.

4

## CONCLUSION

The United States respectfully requests the Court to impose a guideline sentence of imprisonment, to be followed by at least twenty years of supervised release.

        Respectfully Submitted,

        CARLTON S. SHIER, IV
        UNITED STATES ATTORNEY

By:    s/ Erin M. Roth
        Assistant United States Attorneys
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507-1612
        (859) 685-4872
        Erin.Roth@usdoj.gov

## CERTIFICATE OF SERVICE

On January 25, 2024, I electronically filed this document through the ECF system, which will send notice of electronic filing to all counsel of record.

        s/ Erin M. Roth
        Assistant United States Attorney